**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **DENISE POPE, AND ESTATE OF** | § | |
| **UNBORN CHILD,  BABY POPE,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GALVESTON COUNTY,** | § | **CIVIL CASE NO. 3:18-cv-00164** |
| **GALVESTON COUNTY** | § | **JURY DEMANDED** |
| **SHERIFF-HENRY TROCHESSET,** | § | |
| *in his individual capaci*ty, **MARY** | § | |
| **JOHNSON,** *in her individual capaci*ty, | § | |
| **BOON-CHAPMAN BENEFIT** | § | |
| **ADMINISTRATORS INC.,** | § | |
| **BOON-CHAPMAN, LTD, BC& L,** | § | |
| **INC,  BOON-CHAPMAN, INC.,** | § | |
| **SOLUTA, INC,  SOLUTA HEALTH,** | § | |
| **INC, KATHY WHITE, AKA,** | § | |
| **KATHY JEAN JORDAN, i***n her* | | |
| *individual capacity,* **and DOES 1-19**. | | |
| **Defendants,** | | |

**FIRST AMENDED COMPLAINT**

TO THE HONORABLE DISTRICT COURT JUDGE GEORGE HANKS, JR.:

NOW COMES Denise Pope, individually,  and as representative of Estate of

Unborn Child, "Baby Pope", Plaintiffs ("Plaintiff") herein, brings this Plaintiffs' First

Amended Complaint, complaining of Galveston County and Henry Trochesset, Mary

Johnson, (" County Defendants" Collectively herein) Boon-Chapman Benefit

Administrators Inc., BC& L, Inc, Boon-Chapman, Inc., Boon-Chapman, Ltd, ("Boon

Chapman" herein), Soluta, Inc, Soluta Health, Inc ("Soluta" herein), Kathy White, Aka,

Kathy Jean Jordan ("Kathy White" herein), John Doe 1-19, acting under in their

individual capacities and for cause of action would respectfully show as follows:

## INTRODUCTION

1.  Denise Pope is a mother of eight children and a wife.

2.  She was in the Galveston County Jail awaiting her hearing on an alleged probation

    violation.

3.  Prior to entering the custody of the Galveston County Jail, she was arrested and

    held in Harris County jail.

4.  Upon her initial arrest, a pregnancy test was conducted at the Harris County Jail

    and Mrs. Pope's results were negative.

5.   A subsequent test was performed at the Harris County Jail and the results

    positive. Mrs. Pope was informed she was pregnant.

6.  She was transported to Galveston County's jail, after she became aware she was

    pregnant.

7.  Galveston County was aware Mrs. Pope was pregnant, and set up an appointment

    for prenatal care, a month out, provided only prenatal vitamins, but no special

    diets, or any additional meals.

8.  Denise Pope made written request for special accommodations in provide more food for the nutrition for herself and unborn child, but the request was never provided.

9.  Plaintiff did not have any pain or discomfort until February 28, 2016.

10. While in Galveston County's jail Mrs. Pope complained of spotting to the jail guard but the medical department, Boon Chapman's Soluta Health administered by Kathy White, refused to see her.

11. The jail guard was advised to monitor the spotting, by medical.

12. The jail guard continued to report the escalating nature of the hemorrhaging Mrs. Pope was experiencing, but the jail medical department continued to refuse to see Mrs. Pope or transport her to the hospital.

13. Despite her obvious need for medical care Boon Chapman continued to denied the request to be transported to the hospital.

14. The request was denied because there was another inmate already at the hospital and Mrs. Pope was advised she had to wait to be transported.

15. 4 hours later, Mrs. Pope was finally transported to the hospital, but it was too late.

16. On February 28, 2016, Mrs. Pope had a miscarriage.

17. She was past her first trimester, so a dilation and curettage[1] surgical procedure was performed by the hospital.

18. She was sent back to the Galveston county jail after the procedure.

19. Mrs. Pope has been pregnant on nine other occasions, she has always sought the best prenatal care should could with her other pregnancies, proper nutrients, and medical care.

20. She has had one other miscarriage in the past, also occurring after being the custody of the Galveston County jail, due to stress, in the previous year.

21. Galveston County Jail has a history of providing inadequate health care to its inmates.

22. On June 27, 2013, Arthur Lee Linear, an inmate at the Galveston County jail died because Galveston County's contractor Boon Chapman's Soluta failed to provide obvious medical care.

23. On March 15, 2015, Jesse Clayton Jacobs an inmate at the Galveston County jail died because Galveston County's contractor Boon Chapman's Soluta failed to provide obvious medical care.

---

[1] Dilation and curettage, a D&C, is a surgical procedure often performed after a first-trimester miscarriage. In a D&C, dilation refers to opening the cervix; curettage refers to removing the contents of the uterus. Curettage may be performed by scraping the uterine wall with a curette instrument or by a suction curettage (also called vacuum aspiration).

24. On November 15, 2017, Jerry Louise Biggers-Hill an inmate at the Galveston County jail died because Galveston County's contractor Boon Chapman's Soluta failed to provide obvious medical care.

25. On December 22, 2017, Barry Edwards Phillips an inmate at the Galveston County jail died because Galveston County's contractor Boon Chapman's Soluta failed to provide obvious medical care.

26. On June 23, 2017, Jorge Cortez died because Galveston County's contractor Boon Chapman's Soluta failure to address his serious medical need.

27. This is a civil rights eighth amendment claim brought by Denise Pope pursuant to 42 U.S. C. §1983, and § 1985, she is seeking recovery and redress for violations of the constitutionally-protected civil rights.

28. Specifically, Plaintiff, Denise Pope, alleges that Galveston County and Galveston County Sheriff, Henry Trochesset, Mary Johnson, Boon-Chapman Benefit Administrators Inc., Soluta, Inc., Soluta Health, Inc., Kathy White, Aka, Kathy Jean Jordan, violated her civil rights pursuant to the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment, to receive proper medical care, and to receive adequate medical care, equal protection, and due process, while incarcerated and under the custody and control of Galveston County, at the Galveston County Jail under the supervision and

control of Galveston County, the Galveston County Sheriff, Galveston County
John Doe Jailers 1-20 and Galveston County Jail's Contracted Medical Providers.

29. Denise Pope brings this action seeking fair compensation and, in the hope, that
they can prevent other inmates at any Texas Jail but namely the Galveston County
Jail from suffering such preventable injuries and death of her unborn child.

## JURISDICTION AND VENUE

30. This court has jurisdiction over Plaintiffs' federal claims which arises under the
Civil Rights Act of 1871 pursuant to 28 U.S.C. §1331, 42 U.S.C. 1983, 42 U.S.C.
1988, and 28 U.S. C., §1343, and supplemental jurisdiction over the state law
claims.

## PARTIES

**Plaintiff, Denise Pope**

31. Plaintiff, Denise Pope, is a resident of Galveston County, Texas

32. Plaintiff, Estate of Unborn Child "Baby Pope".

**Defendant, Sheriff Henry Trochesset**

33. Defendant, Sheriff Henry Trochesset is and was at all times relevant to this action
the duly elected Sheriff of Galveston County Texas. Defendant is a "person" under
42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He

is sued in his individual capacity. He was a county policy maker with respect to

policies and procedures at the Galveston County Jail "Jail", along with Mary

Johnson, Kathy White and the private medical contractors Boon Chapman and

Soluta. He encouraged the policy of refusing to transport inmates to the hospital to

save cost, and the delay of medical care. He discreetly sanctioned, approved, and

knowingly consented to the unconstitutional conduct of his subordinates.

Trochesset had direct involvement in the decisions with reference to Plaintiff's

denial of medical care.  He can be serve wherever he may be found.

**Defendant, Galveston County**

34. Defendant Galveston County "County" is a unit of local government organized

under the laws of the State of Texas. Defendant is a "governmental entity" under

42 U.S.C. § 1983. Galveston  County  may be served at the Galveston County

Judge or wherever it may be found.

**Defendant, Chief Mary Johnson**

35. Defendant, Chief Mary Johnson is and was at all times relevant to this action the

duly appointed Chief of Corrections at the Galveston County Sheriff's Office.

Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this

case acted under color of law. She is sued in her individual capacity.  Mary

Johnson was a county policy-maker with respect to policies and procedures at the

Galveston County Jail "Jail", along with Sheriff Trochesset,  along with Mary Johnson, Kathy White and the private medical contractors Boon Chapman and Soluta. She encouraged the policy of refusing to transport inmates to the hospital to save cost, and the delay of medical care. She discreetly sanctioned, approved, and knowingly consented to the unconstitutional conduct of the lower level employees. Chief Mary Johnson had direct involvement in the decisions with regard to Plaintiff's housing,needs,  and medical care. She may be served wherever she may be found.

**Defendant, Boon-Chapman, Inc.**

36. Boon-Chapman, also known as Boon Chapman Benefit Administrators Inc, BC& L, Inc, Ltd, Boon-Chapman, Inc. Boon-Chapman, Ltd,  is a private corporation and was at all times relevant to this action the medical provider under the Memorandum of Understandings (MOU) contract with Galveston County. It was responsible for providing medical, psychiatric, dental and pharmaceutical services at the Galveston County Jail. Boon-Chapman Benefit Administrators, Inc. is a "person" under 42 U.S.C.§1983 and at all times relevant to this case acted under color of law. It is the policymaker for medical care to the inmates in the Galveston County Jail. It may be served wherever it may be found.

**Defendant, Soulta Health.**

37. Soluta, also known as Soluta Health,  Inc., and Soluta, Inc. is a private corporation and was at all times relevant to this action the medical provider operating the Memorandum of Understandings (MOU) under Boon-Chapman's contract with Galveston County. It was responsible for providing medical, psychiatric, dental and pharmaceutical services at the Galveston County Jail. Soluta Health is an "entity" under 42 U.S.C.§1983 and at all times relevant to this case acted under color of law. It is the policymaker for medical care to the inmates in the Galveston County Jail. It may be served wherever it may be found.

**Defendant, Administrator Nurse Kathy White,**

38. Defendant, Nurse Kathy White, R.N., also known as Kathy Jordan and Kathy White Jordan is and was at all times relevant to this action the Policymaker for Galveston County's jail medical department as administrator and nurse for Boon-Chapman and Soluta Health, assigned to the Galveston County Jail serving as the medical department administrator, and a licensed registered nurse at Galveston County's Jail medical department contracted through Boon-Chapman. White is a "person" under 42 U.S.C.§1983 and at all times relevant to this case acted under color of law. She is sued in her individual capacity. She may be served wherever she may be found.

39. White directly participated in the misconduct, in addition, she discreetly sanctioned, approved, and knowingly consented to the unconstitutional conduct of the lower level employees at Soluta Health to refuse inmates in need of emergency medical care, including Denise Pope by refusing to approve the additional medical care, and the request to be transported to the hospital to save cost and earn bonuses. Kathy White can be found and served at 3550 Lone Pine Dr. Santa Fe, TX 77510.

## **FACTS**

40. Denise Pope, a mother of eight, resided in Galveston, with minor children and husband.

41. She was in the Galveston County Jail awaiting her hearing on an alleged conditional release violation after being stopped with an open container in vehicle on December 5, 2015.

42. Prior to entering the custody of the Galveston County Jail, she was arrested and held in Harris County jail.

43. Upon her initial arrest, while in custody at the Harris County Jail, a pregnancy test was conducted and Mrs. Pope's results were initially negative.

44. The next week, a subsequent test was performed at the Harris County Jail and the results positive. Mrs. Pope was informed she was pregnant.

45. She was transported to Galveston County's jail after she became aware she was pregnant.

46. Galveston County was aware Mrs. Pope was pregnant.

47. While in Galveston County's jail, Mrs. Pope complained of spotting to the jail guards and her need for medical attention, but the medical department, Boon Chapman's Soluta Health administered by Kathy White, refused to see her.

48. The jail guard was advised by medical to see if Mrs. Pope had been spotting.

49. The jail guard with no medical training continued to report the escalating nature of the hemorrhaging Mrs. Pope was experiencing, but the jail medical department continued to refuse to see Mrs. Pope or transport her to the hospital.

50. The jail medical department finally came to see Mrs. Pope only after a Sergeant on duty became concerned after the jail guard informed the Sergeant of Mrs. Pope's condition.

51. The Sergeant called the medical department and requested they come at once.

52. Despite her obvious need for medical care Boon Chapman continued to deny the request to be transported to the hospital.

53. The request was denied because there was another inmate already at the hospital and Mrs. Pope was advised she had to wait to be transported.

54. Four hours later, Mrs. Pope was finally transported to the hospital, but it was too late.

55. When Mrs. Pope arrived at the hospital she wasn't transported directly to labor and delivery unit  because Galveston County hadn't sent over her medical records, even though they were aware she would be transported to the hospital when the other inmate returned.

56.  Without having her medical records the hospital was forced to waste valuable time making Mrs. Pope take a pregnancy test, because only women with a verifiable positive pregnancy test are allowed on the labor and delivery floor.

57. On February 28, 2016, about 3 ½ to 4 months into her pregnancy[2],  when Mrs. Pope had her unfortunate miscarriage.

58. She was in her second trimester, so a dilation and curettage surgical procedure was performed by the hospital.

59. She was sent back to the Galveston county jail after the procedure.

**Fraudulent Concealment of Medical Records**

---

[2] Calculations based on Mrs. Pope's  last menstruation, represented to Galveston County and UTMB and recorded.

60. Galveston County and Soluta have refused request to release Mrs. Pope's medical records upon her or her physician's request.

61. The refusal to release such medical records is a pattern of Soluta health, even directing the requesting parties to obtain a subpoena.

62. In addition to refusal to release medical records, it has a history of altering documents[3].

63. The medical records requested by the plaintiff had critical information as it relates to her past history and need for future medical care.

64. The medical records were requested by the Plaintiff and her outside physicians and refused by both UTMB and Galveston County.

**Kathy White aka Kathy Jean Jordan**

65. Kathy White aka Kathy Jean Jordan is the healthcare administrator for the private contractor, Boone Chapman, Soluta Health, Inc., a registered nurse and policymaker for Galveston County's jail medical department.

66. She is a convicted felon, as indicated by her federal criminal conviction, for possession of cocaine with intent to distribute.

---

[3] See Jacobs v. Galveston County, 3:16-cv-00065, affidavit of Caroline Hermann indicating her notes were missing from the medical records.

67. She has a serious criminal history and substance abuse history involving drugs and alcohol abuse. Including an arrest for other possession of controlled substance charges and driving while intoxicated charge and conviction.[4]

68. Kathy White was made aware of Mrs. Pope deteriorating condition; she was pregnant and hemorrhaging. She allowed Mrs. Pope to remain in cell block ; however, no orders for monitoring were made by Kathy White or anyone. She was deliberately indifferent to Mrs. Pope's serious medical needs by failing to allow her to be transported to a hospital by ambulance, after she had been hemorrhaging for several hours. Instead, Mrs. Pope was allowed to lay hemorrhaging and in pain until another jail transport vehicle became available.

69. She had an interest in recovering bonuses based upon her saving money in medical care, so she implemented a policy to reduce inmates needs for emergency room visits by not allowing her employees to call for ambulance services, until the inmate faced death and absolutely need for emergency intervention and transportation to the hospital.

---

[4] Arrest #1  1ST DEGREE FELONY; POSS W/INT DEL CS PG1>=4 <200 Arrest Date: 09/22/2011 Case #: 003412795; Arrest #2  SECOND DEGREE FELONY; MAN/DEL CS PG III/IV 28200 GR Arrest Date: 09/22/2011 Case #: 003412795 Offense: DWI; Disposition: CONVICTED; 01/24/1984 Arresting Agency: HIDALGO CO SO EDINBURG; Date: 04/27/1984 Sentence  Probation: Max: 2 Years

70.  This amounts to medical negligence and deliberate indifference to the jail

inmates, including Mrs. Pope's medical needs.

**Boon-Chapman Benefit Administrators Inc.**

71. Boon-Chapman is the private health contractor that was corporation medical

provider under a memorandum of understandings (MOU) contract with Galveston

County to provide medical, psychiatric, dental and pharmaceutical services at the

Galveston County Jail, it is the parent company of Soluta Health.

72. It sets the policy and procedures that are implemented in the Galveston County jail

as it relates to the Galveston County jail medical needs for the inmates.

73.  Boon-Chapman allowed and encouraged Mrs. Pope who was pregnant at the time

to remain in her cell unsupervised except for the jailer, as she hemorrhaged for

hours.

**Soluta Health, Inc./Soluta, Inc.**

74. Soluta is a corporation medical provider under contract with Galveston County

through to provide medical, psychiatric, dental and pharmaceutical services at the

Galveston County Jail. Soluta Inc. was established in April 2015, is an alter ego

for Soluta Health Inc. a technology platform company Soluta allows and

encourages its employees to cut cost by refusing its inmates access to emergency

medical services at the hospital, as was with Mrs. Pope when she was allowed to hemorrhaging while pregnant for hours before she was transported to the hospital.

75. Soluta allowed and encouraged Mrs. Pope's hemorrhaging while pregnant before transporting her to the hospital.

76. Soluta has a policy to eliminate expenses at the cost of inmate's health and medical care, refusing to transfer inmates to hospitals, unless an inmate's life is in danger.

**Galveston County**

77. Galveston County is a governmental entity that has the policy, practice, and custom is to delegate the duty to provide health care to its inmates including Denise Pope.  Policy, practice, and custom of cruel and unusual punishment in the Galveston County Jail to place its infirmed inmates in danger by refusing to transport inmates with serious medical conditions to the hospital by ambulance, as opposed to jail transport vehicles  in an effort to cut the cost of care for inmates.  These delays in providing medical and the continued  failure to provide adequate medical care when an inmate has a serious medical need is unexplainable and copious.

*Other Documented incidents of inadequate medical care and Deaths in Galveston County's Jail custody in the Past Five Years*

78. There may possibly be more deaths, but like Denise Pope's unborn child, they are no longer reported to the Texas Attorney General's office[5].

79. According to the Attorney General's Custodial Death report[6], in the past 5 years, at least 4 deaths have occurred in the custody of Galveston County Jail besides Mrs. Pope's unborn child, as a result of Galveston County adopting the policy of their Medical Contractors, Boon Chapman and Soluta.

80. On June 27, 2013, Arthur Lee Linear, was pronounced dead as a result of Galveston County's policy on refusing to send inmates to the Hospital that are in need of serious emergency Medical care, after complaining of chest pains, resulting in a delay in medical care and ultimately causing his untimely and preventable death.

81. On March 15, 2015, 32-year-old Jesse Clayton Jacobs was pronounced dead as a result of Galveston County's policy on refusing to send inmates to the Hospital that are in need of Medical care, after depriving him of this physician prescribed and monitored Xanax prescription, resulting in a delay in medical care and ultimately causing his untimely preventable death.

82. On June 23, 2016, Jorge Cortez was pronounced dead as a result of Galveston County's policy on refusing to send inmates to the Hospital that are in need of

---

[5] Galveston would report deaths of unborn in the past but has since stop reporting such deaths.
[6] https://oagtx.force.com/cdr/cdrreportdeaths

Medical care, after he complained of dizziness, he fell from his top bunk and punctured his lung, he was not sent to the hospital for the punctured lung for over two weeks, resulting in a delay in medical care and ultimately causing his preventable untimely death.

83. On November 15, 2017, Ms. Jerry Louise Biggers-Hill was pronounced dead as a result of Galveston County's policy on refusing to send inmates to the Hospital that are in need of serious emergency medical care, after complaining of breathing difficulty, resulting in a delay in medical care and ultimately causing her untimely preventable death.

84. On December 22, 2017, Mr. Barry Edward Phillips, a mental health low IQ inmate, was pronounced dead as a result of Galveston County's policy on refusing to send inmates to the Hospital that are in need of serious emergency Medical care, after complaining of breathing difficulty, resulting in a delay in medical care and ultimately causing his untimely preventable death.

**Sheriff Henry Trochesset**

85. Sheriff Henry Trochesset is personally involved in the constitutional violations of Denise Pope as the policy maker for Galveston county with respect to policies and procedures at the Galveston County Jail, including jail medical, although he has delegated the duty to private third party Boon Chapman and its wholly owned

subsidiary, Soluta/Soluta Health. Sheriff Trochesset adopted the policies of the Medical Provider, Boon Chapman's wholly owned subsidiary, Soluta Health to deny inmates of emergency transportation to hospitals when a serious medical need is present, in this case a pregnant hemorrhaging inmate suffering a miscarriage, a life threatening need.

86. He discreetly sanctioned, approved, and knowingly consented to the unconstitutional conduct of the subordinates, and contractors. Sheriff Trochesset had direct involvement in the decisions with regard to Plaintiffs' housing, and medical care.

87. Sheriff Trochesset was deliberately indifferent to Denise Pope's serious medical needs and constitutional right to adequate medical care, through  the practice, and custom of failing to train his deputies to transport seriously ill or injured inmates to the hospital, when the contracted medical provider fails or refuses to do so.  The practice of intentionally refusing to transport inmates to the hospital except in jail transport vehicle, including Mrs. Pope, in an effort to cut costs resulted in the constitutional violation of Mrs. Pope's rights.

**Chief Mary Johnson**

88. Mary Johnson is one of two chief corrections officers for the Galveston County Jail. She is the chief responsible for the inmates' care at the Galveston County jail

including healthcare, food clothing, and housing. She failed to properly supervise the medical providers, and jailers relating to the care of the inmates to ensure the inmates under her care, custody and control received adequate medical care.

89. She was deliberately indifferent to Denise Pope's serious medical needs and constitutional right to adequate medical care, she was personally involved as the chief corrections office responsible for inmate care, through  the practice, and custom of failing to train her deputies to transport her seriously ill or injured inmates to the hospital, when the contracted medical provider fails or refuses to do so, did not train or authorize her deputies to step in and provide medical care or call emergency services, thereby leaving her inmates without their well known constitutional right to adequate medical care, under the Fourteenth and Eighth amendment.  The practice of intentionally refusing to transport inmates to the hospital except in jail transport vehicle, including Mrs. Pope, in an effort to cut costs resulted in the constitutional violation of Mrs. Pope's rights.

**Policies, Practices and Culpable Conduct**

90. Once a pregnant woman begins to hemorrhage, it is a serious medical need which calls for immediate medical care because of the risk of miscarriage. The risk of mental anguish to the mother, as a result of the likely miscarriage was well known on or about February 28, 2016, by each defendant including, Galveston County,

Galveston County Sheriff Trochesset, his Chief of Corrections, Mary Johnson,

Boon Chapman, Soulta, and Kathy White,  and Doe 1-19.

91. The risk of  miscarriage once pregnant mother begins to hemorrhage, injury and

mental anguish of the mother was well known on or about February 28, 2016, by

each defendant including, Galveston County, Galveston County Sheriff

Trochesset, his Chief of Corrections, Mary Johnson, Boon Chapman, Soulta, and

Kathy White,  and Doe 1-19.

92. Since the time  Mrs. Pope suffered her miscarriage which resulted in her suffering

mental anguish, other inmates has been deprived adequate medical care.  Another

inmate, Mr. Jesse C. Jacobs, died as a result of Galveston County, Galveston

County Sheriff Trochesset, his Chief of Corrections, Mary Johnson, Boon

Chapman, Soulta, and Kathy White's failure to timely provide adequate medical

care, while he was in the Galveston County Jail just one year prior.

93. Boon-Chapman and Galveston County, through its Sheriff Trochesset and

Healthcare Administrator, Kathy White, directed the Jail staff, and its medical

staff members to follow the policies, practices, and customs of not allowing

inmates who are in need of emergency care to transported to the hospital by

ambulance, while in the custody of the Galveston County jail, instead waiting for a

jail transportation vehicle to be available which caused inmates to suffer delayed treatment for serious symptoms.

94. Such policies, forbidding emergency medical attention to inmates in the Galveston County jail, unless the inmates is at the brink of death, and only by the medical department personally caused the unreasonable risk of harm to inmates at the Galveston County Jail.

95. This practice is the moving force behind the cause of the mental anguish injuries suffered by Mrs. Pope, and the death of her unborn child.

96. By following such policies Defendants were deliberately indifferent to the serious severe symptoms and medical needs of Mrs. Pope.

97. Galveston County Sheriff Henry Trochesset, Galveston County, Galveston County Jail Administrator Mary Johnson, Boon-Chapman, Soluta, and Kathy White, Doe 1-19 were also deliberately indifferent to the serious medical needs of Mrs. Pope by failing to train staff and implement jail policies, practices, customs and usages that adequately addressed the obvious and known health and safety risks to inmates entering the Jail and injured while in the County jail's custody.

98. Galveston County Sheriff Henry Trochesset, Galveston County, Galveston County Jail Administrator Mary Johnson, Boon-Chapman, Soluta Health, and Kathy White, each supervisory defendants failed to train staff when emergency services

should be summoned to take an inmate to the local hospital emergency room when the serious medical need arises. Galveston County Sheriff Henry Trochesset, Galveston County, Galveston County Jail Administrator Mary Johnson, Boon-Chapman, Soluta Health, and Kathy White each acted with deliberate indifference to the serious medical need of Mrs. Pope when Mrs. Pope began demonstrating severe symptoms, starting with spotting, indicating the early signs of a miscarriage, ultimately leading to severe hemorrhaging.

99. Galveston County Sheriff Henry Trochesset, Galveston County, Galveston County Jail Administrator Mary Johnson, Boon-Chapman, Soluta Health, and Kathy White, Doe County Administrators, Doe Deputies, the Health Care administrator, Doe Physicians, Doe Nurses, and Doe P.A.s. acts and omission are violations of Mrs. Pope's constitutional right to be free from cruel and unusual punishment and receive timely adequate medical care resulted from a policy, pattern, custom and practice of deliberate indifference to the serious medical needs of its inmates when she began to exhibit severe symptoms of distress due to the miscarriage she was experiencing.

100.    The Defendants ignored Mrs. Pope's complaints, and intentionally delayed providing medical treatment with wanton disregard, and deliberate indifference to

Mrs. Pope's serious medical needs when the pregnant plaintiff complained of spotting.

**Emergency Services**

101.   On February 28, 2016, as an inmate, Mrs. Pope was not authorized to call for 911 emergency services for herself, when she was in need as serious medical care, because Galveston County does not allow inmates to request emergency services directly for themselves.

102.   She requested a jailer to request medical services for her.

103.   The jailer recognized her need for medical care, and  requested medical, even as a lay person she was easily in a position to recognize Mrs. Pope's necessity for a doctor's attention.

104.   The medical department refused to see her.

105.    Hours later, Sargent Fields also recognized the need for medical care, as she was bleeding over a toilet, so she immediately demanded medical to respond, with a gurney.

106.   Mrs. Pope was taken by gurney to the Galveston County's jail medical department, operated by Boon-Chapman's Soluta, a private contractor.

107.   She was advised she would be in a position to go to the hospital, UTMB.

108.   She was unable to change her soiled clothing, because she was too weak, and in severe pain.

109.   Her pain felt as though she was in labor, because she was having heavy contractions.

110.   A deputy placed Pope in a county vehicle and transported her to the hospital.

111.   Mrs. Pope finally arrived at the hospital, but before anything could possibly be done, UTMB required the pregnancy be confirmed.

112.   Galveston County, and Soluta failed to forward any medical background information to the Hospital, like medical records, as a result of this failure, critical time was lost determining whether Mrs. Pope was pregnant.

113.   Since the pregnancy could not be confirmed UTMB required testing before moving Mrs. Pope to the labor and delivery department, this further the delayed Mrs. Pope's medical care.

114.   Her unborn child could not be saved.

115.   Mrs Pope's miscarriage was due to the delay in receiving medical care, while in custody of the Galveston County jail, she was forced to suffer excruciating pain and excessive bleeding as she waited to receive emergency medical care.

**Mental Anguish**

116.     Mrs. Pope suffered mental anguish as a result of the delay in medical care at the jail initially for the period.

117.     She had previously been diagnosed with depression prior to entering the custody of Galveston County.

118.     Since being deprived of the adequate medical care, in the delay of the needed care based on her serious medical need, she has had nightmares, hallucinations of hearing babies crying, she has resolved to do whatever she can to never go to Galveston County jail again, including the unimaginable, been physically sick finding herself suffering from anxiety, shortness of breath, nausea, sweating, weight fluctuation, and clammy hands.

119.     The mental anguish she suffered was a result of the delay in medical care, as she was pregnant and hemorrhaging, fearing she was losing her unborn child and her own life.

120.     The mental anguish suffered by Mrs. Pope and death of Denise Pope's unborn child, was the result of Defendants acting jointly and severally, that the death and harm suffered was the result of Defendants' conduct motivated by evil intent, and with callous deliberate indifference to the federally protected rights of Mrs. Pope.

121.    Galveston County delegated the medical care of its inmates to third party medical contractors, Boon Chapman, Soluta/Soulta health who employed Kathy White.

122.     The third party medical contractors left Mrs. Pope in her general population pod without any medical person providing medical attention.

123.    No medical personal entered her general population pod to check on her condition.

124.    Mrs. Pope was not authorized to go to the medical department on her own.

125.    The Galveston County jail medical records have not been released to Mrs. Pope, despite request.

126.    The Defendants further engaged in efforts to impede discovering the constitutional violations by withholding and destruction of medical records pertaining to Mrs. Pope while in the custody of Galveston County Jail.

127.    Denise Pope's medical records are being withheld for no good reason other than in effort to prevent Plaintiff from discovering exactly what Mrs. Pope's medical diagnosis, and prognosis from UTMB was while in the custody of the Galveston County Jail.

128.    Defendants were deliberately indifferent to Mrs. Pope's serious medical needs
when they failed to timely respond to her serious medical needs, severe
hemorrhaging, and when they failed to provide emergency transport to the
hospital.

129.    Defendants admit no individual called for an ambulance after becoming aware
of Mrs. Pope's profuse hemorrhaging, a serious medical need.

130.     The defendants required Mrs. Pope wait on transportation that was being used
to transport another inmate.

131.    Mrs. Pope's Eighth Amendment rights have been violated by the following
individuals and entities: Galveston County Sheriff Henry Trochesset, Galveston
County, Galveston County Jail Administrator Mary Johnson, Boon-Chapman,
Soluta Health, Kathy White, and Doe 1-24.

132.    The official policy, or custom of which Sheriff Trochesset and Mary Johnson
of failing to train or supervise the contract medical providers hired to provide
medical care to the Galveston County inmates resulted in the constitutional
violations of inmates of Galveston County's jail.

133.     Henry Trochesset and Mary Johnson allowing and adopting a policy of
denying or delaying of their inmates medical care, as they are tasked with
providing adequate medical care, but adopting Boon Chapman's Soluta policy of

refusal to provide emergency medical care from a hospital. These acts and

omissions by the Sheriff and Mary Johnson was a policy implemented by Sheriff

Trochesset and Mary Johnson by adopting the medical provider's policy.

134.   Henry Trochesset has actual or constructive knowledge of the policy to refuse

emergency transport to the hospital despite the evident need for emergency

services, he has been sued on these very issues in the past.

135.   This failure to seek emergency services for Mrs. Pope, and the delay in medical

care was a constitutional violation whose "moving force" is that policy or custom

to allow inmates to remain in the jail and not be transported to the hospital.

136.   The known and foreseeable risk are avoided by responding to an inmate's

serious medical need.

137.   The policy of Sheriff Trochesset, Mary Johnson, Galveston County, Boon

Chapman, and Kathy White caused the injury of Mrs. Pope, and deprived Mrs.

Pope of her constitutional right to adequate medical care.

138.    Sheriff Trochesset, Mary Johnson, Galveston County, Boon Chapman, and

Kathy White's policy of allowing ill inmates with serious medical needs to wait

for a jail transportation vehicle to become available instead of being transported by

ambulance directly to the hospital, under the guise of closer monitoring by the

medical department is persistent and widespread in the Galveston County Jail as

having the effect of law. A pattern of incidents has occurred because of this policy

causing further injury to other inmates.

139.   All Jail and medical staff are aware of the policy that they are not authorized to

call for emergency transport to the hospital even if the immediate need exists.

140.   There must be approval of an emergency request first, only by medical

administration personnel, before an inmate may be transported to the hospital.

141.   Mrs. Pope rights were violated based on the delay of medical care, resulting in

her mental anguish and death of her unborn child.

## FIRST CLAIM-EIGHTH AMENDMENT CONSTITUTIONAL VIOLATION, PURSUANT TO 42 U.S.C. SEC. 1983

142.   Plaintiff incorporates herein the facts as set forth herein. All perquisites for

filing suit have been satisfied Boon-Chapman Benefit Administrators Inc., Soluta,

Inc, Soluta Health, Inc, and Kathy White, owed Mrs. Pope a duty to provide him

adequate medical care.

**Galveston County's Liability Under Monell**

143.   Plaintiffs incorporates all preceding paragraphs as if set forth throughout the

Complaint. Plaintiff asserts claims under the Eighth Amendment.

144.   Galveston County has a custom, policy, practice and procedure of:

A.      denying transport to the hospital to all persons in the jail including those, like Mrs. Pope with verifiable emergency medical needs, knowing the risks; as was the case with other inmates, Jesse C. Jacobs, Jerry Biggers Hill, and Denise Pope.

B.      Refusing to transport inmates from the jail to the hospital;

C.      delaying treatment of inmates with serious medical needs, including but not limited to severe hemorrhaging while pregnant;

D.      failing to adequately treat inmates suffering aliments  knowing the risks;

E.      failing to transport inmates with serious emergency medical needs to hospital setting even after experiencing severe hemorrhaging as Mrs. Pope experienced.

F.      Allowing jailers to be the intermediaries between medical staff and inmates regardless of their lack of medical training. Furthermore, allowing jailers to determine  the severity of the medical conditions which in turn determines when and if medical comes, along with  how fast they come;

G.      hiring unqualified jailers  with a propensity to violate Constitutional rights. Failing to monitor inmates in the medical unit for the Texas Jail Standards Commission proscribed times, every 15 minutes; failing to discipline or train and supervise deputies allowing an untrained in medical

personnel and deputies, to complete a Jail Death Report to the State Attorney

General's office; not having the proper policies in place to prevent the

Constitutional violations suffered by plaintiffs as herein described;

H.      allowing jailers to make medical determinations with no training and

refusing to transport inmates to the hospital in an ambulance unless they are

close to death,

145.   As alleged herein, multiple instances of misconduct by Galveston County and

the sheriff and deputies of the Galveston County Sheriff's  establishes that

Galveston County is legally responsible for the conduct of Mary Johnson,

Boon-Chapman Benefit Administrators Inc., Soluta, Inc, Soluta Health, Inc, and

Kathy White, Does 1-19.

## SECOND CLAIM-SUPERVISOR LIABILITY

146.   Sheriff Trochesset, Mary Johnson, Kathy White as supervisors failed to train or

supervise the jailers and Medical personal to recognize medical emergencies and

to call emergency services when a medical need arises, without approval from

Kathy White or health care administrators who attended or should have attended to

Mrs. Pope. This conduct caused Mrs. Pope to be deprived of medically necessary

care and treatment for injuries.

147.   The failure to train or supervise Boon Chapman's Soluta employees and jailers, constituted deliberate indifference to Mrs. Pope's right to adequate medical care, timely medical care and denied her constitutional right to adequate medical care for her injuries, mental anguish, and prolonged severe excruciating pain and suffering and prolonged excessive bleeding, as she waited to receive medical care, and the miscarriage she suffered.

**Ratification/Acts of Policymaker**

148.   Mrs. Pope incorporates all preceding paragraph as if set fully set forth herein.

149.   Mrs. Pope complained of her hemorrhaging and need for medical treatment to the Jailer of which only one responded, after an unreasonable delay.

150.   Sheriff Andrew Trochesset and Mary Johnson are the relevant policy maker yet nothing was done to remedy the medical complaints.

151.   Inadequate and delayed medical care has occurred in several previous and subsequent cases where denial of medical care occurred resulting in injuries and death.

152.   As such, Galveston County ratified, Sheriff Trochesset, Mary Johnson, nurse Kathy White, and Does  1-19,  actions as Galveston County and their own policies, practices, customs and procedures.

**THIRD CLAIM-MEDICAL NEGLIGENCE – Chapter 74 Texas Healthcare Liability Act.**

153.   Plaintiff incorporates herein the facts as set forth herein. In the alternative to the other claims, All perquisites for filing suit have been satisfied Boon-Chapman, Soluta, and Kathy White,  and Does 1-19 owed Mrs. Pope a duty to provide her adequate medical care without deviating from the standard of care.

154.   Boon-Chapman, Soluta, Kathy White, and Does 1-19 breached their duty of care and deviated from the standard of care for healthcare medical physicians, nurse, medical providers by:

      A.     failing to address Mrs. Pope's complaints of severe hemorrhaging.

      B.     Failing to have a trained medical professional treat Mrs. Pope in a reasonable time.

      C.     Failing to transport Mrs. Pope to a hospital after becoming aware that Mrs. Pope was hemorrhaging,

      D.     finally, they breached their duty to medically monitor Mrs. Pope when she was housed in the jail.

155.   As a result, this breach of care, denial of care, and refusal to transport to a hospital was a proximate cause of Mrs. Pope' pain and suffering, and ultimately a miscarriage, a preventable death.

## FOURTH CLAIM-WRONGFUL DEATH OF UNBORN CHILD, BABY POPE-

## Chapter 71 Texas Wrongful Death and Survival Statute 71.002

156.    Plaintiffs incorporates herein the facts as set forth throughout the complaint. Plaintiffs files these their wrongful death and survivor action against each Defendant, Galveston County Sheriff Henry Trochesset, Galveston County, Galveston County Jail Administrator Mary Johnson, Boon-Chapman, Soluta Health, Kathy White, and Doe 1-19, pursuant to Texas Wrongful Death Statute and Survivorship Statute and asserts that the death of the unborn, an individual under the statute[7], child was a result of the defendants acts and omissions, namely failing to provide prenatal care, and delaying medical after it became evident that medical attention was necessary, when Denise Pope notified defendants that she was spotting.

157.    Medical providers listed above, including were aware of the foreseeable risk of depriving Mrs. Pope her request for medical services. They nonetheless deprived Mrs. Pope her request and allowed her to hemorrhage and ultimately lose her unborn child.

158.    The Defendants are withholding the medical records demonstrating that Mrs. Pope was pregnant and the unborn fetus died. Plaintiff request leave to supplement such evidence once the medical records are released.

---

[7] TPRC Sec. 71.001 (4)  "Individual" includes an unborn child at every stage of gestation from fertilization until birth.

## DAMAGES

159.    Plaintiffs request the following relief:

**Punitive Damages**

160.    Plaintiffs request punitive damages against each individually-named defendant. Exemplary damages based on conduct of  discouraging  the summoning of emergency services for Mrs. Pope and allowing Mrs. Pope to continue to suffer hemorrhaging  without regard to her serious medical needs, while in the custody of the Galveston County Jail and care of Boon-Chapman, Soluta Health's medical personnel, Physicians, Nurse Practitioner, Registered Nurses, Licensed vocational nurses, emergency medical technicians, that was outrageous, malicious, and morally culpable.

161.    Mrs. Pope's injuries resulted from the joint and several acts and omissions of Defendants for which Plaintiffs seek punitive and exemplary damages against each individual Defendant (as allowed by law) in an amount appropriate to punish each individual Defendant, and deter others from engaging in similar conduct;

162.    Award punitive damages against Galveston County and Galveston County Sheriff, Henry Trochesset, Mary Johnson, Boon-Chapman, Soluta, Kathy White and Does 1-24 in an amount to be shown at trial;

163.    These actions hereby entitle Plaintiffs to punitive/exemplary damages;

**Compensatory Special Actual Damages**

Compensatory general damages against each Defendant, jointly and severally, in the

amount proven at trial.

164.    Plaintiff seeks actual damages, both general and special, for follow up medical

care as a result of loss of her unborn child, Mrs. Pope, for the following specific

elements of damages:

165.    Pecuniary Loss resulting from the death of Denise Pope's unborn child

including, but not limited to, the care, maintenance, support, services, education,

advice, counsel, and reasonable contributions of a pecuniary value, loss of

inheritance that the surviving family would have received from Mrs. Pope, had the

child lived.

166.    Termination of the Family Relationship: The positive benefits flowing from the

love, support, companionship, and society that Mrs. Pope and unborn child, would

in reasonable probability, have received from Mrs. Pope, had the unborn child

lived.

**Pain and Suffering**

167.    Physical pain and suffering sustained by Mrs. Pope from the time of the incident;

168.    Reasonable and necessary medical expenses.

169.    Reasonable and necessary medical expenses for Mrs. Pope from the time of the incident until present;

**Equitable Relief**

170.    Equitable relief, including, without limitation, that Galveston County and Sheriff Trochesset be made to apologize and to promulgate, adopt, train, maintain and enforce appropriate policies to prevent future instances of the type of misconduct described herein; Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

**Mental Anguish**

171.    Mental anguish sustained by Mrs. Pope from the time of the incident until present;

**Physical Impairment**

172.    Physical Impairment suffered by Mrs. Pope.

**Medical expenses**

173.   Reasonable and necessary medical expenses Mrs. Pope from the time of the

incident until present.

**Attorney's Fees**

174.   Plaintiffs are entitled to recover attorney's fees and costs under 42 U.S. C.

1983 and 1988 including reasonable and necessary attorney's fees incurred by or

on behalf of Plaintiffs Equitable Relief.

**Additional Damages**

175.   Plaintiffs seek to recover all court costs, fees, expenses and expert fees. Pre and

post judgment interest as permitted by law; and, such other relief, including

injunctive and/or declaratory relief, as the court may deem proper.


**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Denise Pope respectfully

pray that Defendants, be summoned to appear and answer herein, and that upon a final

hearing of this cause, that judgment be entered for the Plaintiffs and against Defendants,

both jointly and severally, for all damages requested herein, together with prejudgment

and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of

court, and such other and further relief to which Plaintiffs may possibly be entitled at law

or in equity. Punish each individual Defendant, and deter others from engaging in similar conduct;

Plaintiffs assert that the death of Denise Pope's unborn child was the result of government actors, individually, and collectively caused the death and harm suffered was the result of Defendants' conduct motivated by evil motive or intent or done recklessly or with callous deliberate indifference to the federally protected rights of Mrs. Pope, and hereby entitle Plaintiffs to punitive and exemplary damages.

Equitable relief, including, without limitation, that Galveston County and Sheriff Trochesset be made to apologize and to promulgate, adopt, train, maintain and enforce appropriate policies to prevent future instances of the type of misconduct described herein; Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

Respectfully submitted,

THE LEWIS LAW GROUP, PLLC.
By: /S/U.A. Lewis
U. A. Lewis
State Bar No. 24076511
Federal Bar No. 1645666
P. O. Box 27353
Houston, TX 77227
Telephone: (713)570-6555
Facsimile: (713) 581-1017
LEAD ATTORNEY FOR THE PLAINTIFF

By: /s/Shardae Parker
Shardae Parker

Federal Bar Number: 3183083
State Bar Number: 24076606
P. O. Box 27353
Houston, TX 77227
Telephone: (713)570-6555
Facsimile: (713) 581-1017
ATTORNEY FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on July 6, 2018 a copy of the foregoing was served via CM/ECF system on each attorney of record.

/s/ U.A. LEWIS

U.A. LEWIS