IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DENISE POPE, AND ESTATE OF UNBORN CHILD, BABY POPE** § § § | | |
| Plaintiff, § | | |
| § | No. 3:18-CV-00164 | |
| v. § | | |
| § | | |
| **CITY OF GALVESTON,** *et al.,* § § | | |
| Defendants § | | |

## DEFENDANTS' JOINT TRIAL MEMORANDUM OF LAW

Defendants file this Trial Memorandum of Law for reference. All of the issues of law governing the case and contested questions are more fully articulated, briefed and related to the particular facts of the case in Defendants' respective Motions for Summary Judgment [Dkt. 62 and 63] and Replies to Plaintiffs' Responses to Motion for Summary Judgment [Dkt. 72 and 74], which are hereby incorporated into this trial memorandum.

1. Plaintiffs allege causes of action for, (1) Eighth Amendment federal constitutional violation pursuant to 42 U.S.C. § 1983 ("Section 1983") and municipal liability against Galveston County, (2) a supervisor liability claim against Sheriff Trochesset, (3) a medical negligence claim; and (4) a wrongful death and survival claim pursuant to Texas Civil Practices and Remedies Code Chapter 71.

### 1983 Claim

2. "Proof of an individual defendant's personal involvement in the alleged misconduct is a prerequisite to his liability on a claim for damages under § 1983." *Slocum*

1

*v. Livingston*, 2012 WL 2088953 *6 (S.D. Texas, June 8, 2012) (*citing Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir. 1981)). In addition, "§ 1983 does not provide for liability of a supervisory official under a theory of *respondeat superior* or vicarious liability simply because an employee or subordinate allegedly violated a plaintiff's constitutional rights." *Id*.

    3.    As this Court has recognized, where a plaintiff brings a Section 1983 injury claim complaining of delayed medical treatment, the plaintiff bears the heavy burden of showing deliberate indifference that *results* in substantial harm. *Farmer v. Davis*, 2018 U.S. Dist. LEXIS 199339, *12-13 (S.D. Tex., Nov. 26, 2018)(citing *Mendoza v. Lynaugh*, 989 F.2d 191, 1983 (5th Cir. 1993)). More importantly, when delay is used to show deliberate indifference, there must be verifying medical evidence showing that the delay adversely affected the person's condition. *Weatherspoon v. Dallas Co. Med. Dep't.*, 2006 U.S. Dist. LEXIS 27622, *30 (N.D. Tex., May 9, 2006). Where a plaintiff does not provide sufficient medical evidence of a causal connection between the alleged delay and injury, summary judgment is appropriate. *Id*. at *31-32. This is particularly true where there is medical expert testimony finding no damage or deterioration to the plaintiff's condition as a result of the delay in treatment. *Id*. at 32.

    4.    Medical expert testimony is required to show causation in this case. In *Reyes v. County of Brooks*, the Court dismissed an inmate's case where she alleged a delay in treatment caused her to deliver a stillborn baby. 2014 U.S. Dist. LEXIS 180579, *11 (S.D. Tex., Dec. 17, 2014). The Court remarked that hospital notes reflected no cause for the stillbirth and further stated:

> "If the cause of death were due to a delay in medical care, Plaintiff could have, but did not, submit an affidavit, report or deposition testimony from a doctor, [or] a health care official…Because she bore the burden of producing such evidence, she cannot show that fact issues preclude summary judgment."

*Id*. In short, a plaintiff's failure to provide verifying medical evidence that a delay caused injury warrants summary judgment. *See e.g.*, *Id.*; *Campos v. Webb Co. Sheriff's Dep't.*, 2014 U.S. Dist. LEXIS 47143, *29 (S.D. Tex., April 3, 2014)("While there is evidence that [plaintiff] suffered from post-traumatic stress disorder as a result of the sexual assault, there is no indication that the four days Defendant still had custody over him . . . worsened any mental or psychological ailment"); *Laughlin v. Schriro*, 430 F.3d 927, (8th Cir. 2005)(no evidence establishing delay had detrimental effect); *Hill v. Dekalb Regional Youth Detention Center*, 40 F3d 1176, 1188 (8th Cir. 1994)(note 24)(cases cited therein refer to medical evidence showing effects of delay).

### Supervisor Liability Requires Personal Involvement In The Wrong Or Implementation Of A Policy Resulting In Harm

5.  There is no vicarious or *respondeat superior* liability for supervisors under Section 1983. *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). A plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights. *Garrett v. Sulser*, 2018 U.S. Dist. LEXIS 37721, 2018 WL 1192996, at *3 (E.D. Tex. Mar. 7, 2018). *See also*, *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (a plaintiff must "specify the personal involvement of each defendant" in a Section 1983 action); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)("Personal involvement is an essential element

of a civil rights cause of action"). Under current Fifth Circuit authority, a supervisor may only be held liable if one of the following exists: (1) his personal involvement in the constitutional deprivation and sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations, or (2) the supervisory official implements a policy that itself is a repudiation of civil rights and is the moving force of the constitutional violation. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018).

## Municipal Liability Requires a Policy

6. As a municipality, an alleged constitutional violation by a County must be caused by the County's policy or custom. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Municipal policy for purposes of Section 1983 liability may be found in a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. *Id.* Alternatively, a "custom" under Section 1983 can be a persistent, widespread practice of municipal officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Id.* But, if a plaintiff is going to allege a widespread practice, she much also show actual or constructive knowledge of such custom attributable to the governing body or to an official to whom that body had delegated policy-making authority. *Id.*

## Medical Negligence

7. "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). "An inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105-06. "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino*, 239 F.3d at 756 (quoting *Estelle*, 429 U.S. at 107). "[T]he 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)). An inmate's disagreement with the medical treatment she has received is insufficient as a matter of law to state a violation. *Norton*, 122 F.3d at 292. Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Finally, when a plaintiff's complaint concerns delayed medical attention rather than a clear denial of medical attention, she must demonstrate that defendants were deliberately indifferent and that she suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

8. In most medical-negligence cases, expert testimony is required to prove a breach of the standard of care and to provide that the breach proximately caused the

plaintiff's injury. *Bioderm Skin Car, LLC v. Sok*, 426 S.W.3d 753, 760 (Tex. 2014). "Because medical expert testimony is typically required to establish causation as to medical conditions . . . , a wrongful death plaintiff asserting medical negligence in the failure to timely diagnose or treat an underlying preexisting condition that causes death must proffer medical expert testimony that at the time of the medical negligence, the patient's chance of surviving the preexisting condition exceeded 50%." *Knox v. Rana*, 2016 WL 6803189, at *2 (Tex. App.—Fort Worth Nov. 17, 2016, no pet.) (mem. op.).

## Wrongful Death: An Unborn Has No Federal Constitutional Claims for In Utero Damages

9. Plaintiffs' claims for wrongful death and survival under Chapter 71 of Texas Civil Practices and Remedies Code are completely dependent on the validity of Pope's unborn baby's claims for injuries allegedly received while *in utero*. Unfortunately, however, under federal law unborn do not possess Federal Constitutional rights because an unborn child is not legally a "person" under the constitution. *Whitehurst v. Wright*, 592 F.2d 834, 840 n9 (5th Cir. 1979)(discussing *Roe v. Wade*, 410 U.S. 113, 158 (1973))(no Fourteenth Amendment action). Similarly, no cause of action exists under Section 1983 for injuries inflicted on a child while *in utero*. *Douglas v. DePhillips*, 2017 U.S. Dist. LEXIS 169632, *26 (E.D. La., Oct. 13, 2017), *affirmed*, 740 Fed. Appx. 403 (5th Cir. 2018)(citing *Alexander v. Whitman*, 114 F.3d 1392, 1401 (3rd. Cir 1997)). Since an unborn child cannot bring a federal constitutional claim for injuries suffered *in utero*, no wrongful death or survival action can be brought by Plaintiffs in this case. *See Id.*; *Russell*, 841 S.W2d at 347 (Tex. 1991).

6

10. An individual under the Texas Wrongful Death Statute includes "an unborn child at every stage of gestation from fertilization until birth." *See* CIV. PRAC. & REM. CODE § 71.001(4). There are various exceptions to this rule including actions brought against a physician or other health care provider licensed in Texas, if the death directly or indirectly is caused by, associated with, arises out of, or relates to a lawful medical or health care practice or procedure of the physician or the health care provider. *See* CIV. PRAC. & REM. CODE § 71.003(c)(1-4); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 97 (Tex. 2004). In addition, a mother of a fetus injured before birth cannot maintain a survival action. *Reese*, 148 S.W.3d at 96-97. A wrongful death claim by an unborn child is barred against medical providers when the care provided was lawfully within the standard of care. In addition, when the child does not survive there is no survival action under Texas precedent.

**Qualified Immunity: Qualified Immunity Protects Any Official Conduct Unless the Unlawfulness Is "Clearly Established"**

11. To defeat qualified immunity, the illegality of the act must have been "clearly established" under the law; otherwise the violation cannot be the basis for a Section 1983 action. *See Douglas v. DePhillips*, 2017 U.S. Dist. LEXIS 169632, *26 (E.D. La., Oct. 13, 2017), *affirmed*, 740 Fed. Appx. 403 (5th Cir. 2018). Plaintiffs bear the burden to prove that no qualified immunity applies. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *White v. Pauly*, 137 S.Ct. 548, 551, 196 L. Ed. 2d 463 (2017) ("the clearly established law must be 'particularized' to the facts of the case. Otherwise, '[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually

unqualified liability simply by alleging violation of extremely abstract rights')(citations omitted). There is a lack of clear precedent that unborn children are protected by Section 1983 mandates immunity from all claims asserted by the Estate.

### Governmental Immunity on State Law Claim

12. Any wrongful death or survival state law claim because sovereign immunity from that claim has not been waived under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE § 101.021(2). Under state law a county is a governmental unit protected by the doctrine of sovereign immunity. *Travis County v. Pelzel & Associates, Inc.,* 77 S.W.3d 246, 248 (Tex. 2002); TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B). Absent legislative consent or a waiver of immunity, a county and its officials are protected from suit. *Texas Dept. of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). Further, counties are expressly exempted from the list of persons who can be liable under the Wrongful Death statute. TEX. CIV. PRAC. & REM. CODE § 71.001 (1) and (2)(the term "Corporation" does not include a "county" and the term "Person" is limited to individuals, associations, join-stock companies or corporations, or their trustees). Finally, mere negligence is not enough to state a constitutional claim and Texas counties are immune from claims of intentional torts; therefore, any state law claims are barred. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *Escobar v. Harris County,* 442 S.W.3d 621, 627 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

13. Individual employees likewise are not liable "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall be immediately dismissed upon a filing of a motion by the governmental unit." TEX. CIV.

PRAC. & REM. CODE ANN. § 101.106(e). Complaints against individuals related to the scope of their employment warrant dismissal upon motion. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). It is irrelevant whether or not liability for the tort claim has been waived by the County. *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011)(courts have consistently interpreted section 101.106 to apply to situations where the governmental entity itself would be immune from suit).

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By: */s/ Joseph R. Russo, Jr.*
    **Joseph R. Russo, Jr.**
    Federal I.D. No. 22559
    State Bar No. 24002879
    **jrusso@greerherz.com**
    **Melissa E. Palmer**
    State Bar No. 24004850
    Federal I.D. No. 23280
    **mpalmer@greerherz.com**
    One Moody Plaza, 18th Floor
    Galveston, Texas 77550
    (409) 797-3200 (Telephone)
    (866) 456-0170 (Fax)

**ATTORNEYS FOR DEFENDANTS, GALVESTON COUNTY AND HENRY TROCHESSET**

**and**

By: */s/ Christopher G. Rigler*
*C*hristopher G. Rigler
**ATTORNEY-IN-CHARGE**
State Bar No. 24091028

9

Southern District No. 2385768
**THOMPSON COE COUSINS & IRONS, L.L.P.**
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile:  (214) 871-8209
**crigler@thompsoncoe.com**
Zandra Foley
State Bar No.  24032085
Southern District No. 632778
Cory S. Reed
State Bar No. 24076640
Southern District No. 1187109
THOMPSON COE COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas  77056
Telephone: (713) 403-8200
Facsimile:  (713) 403-8299
**zfoley@thompsoncoe.com**
**creed@thompsoncoe.com**
**ATTORNEYS FOR DEFENDANTS BOON-CHAPMAN ENTITIES, SOLUTA HEALTH ENTITIES AND KATHY WHITE**

## CERTIFICATE OF SERVICE

I certify on the 25th day of July, 2019, a true and correct copy of the foregoing was served via the Court's ECF system upon all counsel of record:

>                */s/ Joseph R. Russo, Jr.*
>                Joseph R. Russo, Jr.